UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

STEPHEN LILLO, as Personal Representative of
THE ESTATE OF JOHN R. LILLO, JR.,

    Plaintiff,

Civil Action No.3:06-cv-00247

DARRELL A. BRUHN, Individually,
MATTHEW M. HOLT, Individually,
RICHARD S. BROWN, Individually,
EDMUND K. ROSSI, Individually,
HOWARD HARRAN, Individually,
ROBERT D. MILLARD, Individually,
DETECTIVE BROXSON, Individually,
DONNE G. YEAKOS, Individually,
OFFICER ANDERSON, Individually,
TOM MATZ, Individually,
OFFICER MARTIN, Individually,
DARREL WELBORN, Individually,
WALLY EBBERT, Individually,
THEARON SHIPMAN, Individually,
ROBERT BULLARD, Individually,
CHRISTOPHER PURVIS, Individually,
CHARLES GEORGE, Individually,

    Defendants.

---

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

    COMES NOW, the Defendants, DARRELL A. BRUHN, MATTHEW M. HOLT, RICHARD S. BROWN, EDMUND K. ROSSI, HOWARD HARRAN, ROBERT D. MILLARD, WILLIAM P. BROXSON, DONNE G. YEAKOS, CANDYLYNN

ANDERSON, TOM MATZ, JAMES MARTIN, ROBERT BULLARD, CHRISTOPHER PURVIS, AND CHARLES GEORGE, by and through their undersigned counsel, and file this their Answer and Affirmative Defenses to Plaintiff's Complaint for Civil Rights Violations and, pursuant thereto, state as follows:

## ANSWER

1.	The allegations contained in Paragraph 1 of plaintiff's Complaint are denied

2.	The allegations contained in Paragraph 2 of plaintiff's Complaint are denied

3.	The allegations contained in Paragraph 3 of plaintiff's Complaint are denied for lack of sufficient justification to justify a belief therein.

4.	The allegations contained in Paragraph 4 of plaintiff's Complaint are admitted to the extent that all named Defendants in this paragraph were, at all material times, police officers employed by Ft. Walton Beach Police Department and acting under color of law.

5.	The allegations contained in Paragraph 5 of plaintiff's Complaint are denied for lack of sufficient knowledge to justify a belief therein.

6.	The allegations contained in Paragraph 6 of plaintiff's Complaint are denied on the grounds of the improper use and all inclusive use of term "supervising police officers." Notwithstanding, Defendants admit that Darrell Bruhn, Matthew Holt, Howard Harran, Richard Brown, Edmund Rossi and William Broxson were, at all material times, police officers employed by Ft. Walton Beach Police Department and acting under color of law.

7.	The allegations contained in Paragraph 7 of plaintiff's Complaint are admitted to the extent that all named Defendants in this paragraph were, at all material times, employees of the Ft. Walton Beach Fire Department and acting under color of law.

8. The allegations contained in Paragraphs 8, 9 and 10 of plaintiff's Complaint are denied. However, it is admitted that, at all material times, John R. Lillo, Jr. consented to being transported to Bridgeway Crisis Stabilization Unit and that several defendants participated in transporting him to Bridgeway Crisis Stabilization Unit and reasonably restraining John R. Lillo, Jr. when necessary.

9. The allegations contained in Paragraphs 11 and 12 of plaintiff's Complaint are denied

10. The allegations contained in Paragraph 13 of plaintiff's Complaint are denied as written but Defendants admit that John R. Lillo, Jr. was never placed under arrest for criminal behavior.

11. The allegations contained in Paragraph 14 of plaintiff's Complaint are denied.

12. The allegations contained in Paragraphs 15 and 16 of plaintiff's Complaint are admitted.

13. The allegations contained in Paragraphs 17, 18, 19 and 20 of plaintiff's Complaint are denied.

14. The allegations contained in Paragraph 21 are denied for a lack of sufficient knowledge of the time period in which John R. Lillo, Jr. was administered medication and to the exact nature of said medication. However, Defendants admit that a representative of Bridgeway Crisis Stabilization Unit did administer medication.

15. The allegations contained in Paragraphs 22 and 23 of plaintiff's Complaint are denied.

16. The allegations contained in Paragraph 24 of plaintiff's Complaint are denied. However, Defendants admit that Okaloosa County emergency medical personnel were

called to the scene by a representative of Bridgeway Crisis Stabilization Unit.

17. The allegations contained in Paragraph 25 of plaintiff's Complaint are denied to the specific timing of events; however, Defendants admit that Ft. Walton Beach Fire Department personnel were present when Okaloosa County emergency medical personnel arrived at Bridgeway Crisis Stabilization Unit.

18. The allegations contained in Paragraphs 26, 27, 28, 29 and 30 of plaintiff's Complaint are denied. However, Defendants admit that Okaloosa County emergency medical personnel did administer medication to John R. Lillo, Jr. during the material time period.

19. The allegations contained in Paragraph 31 of plaintiff's Complaint are denied for the lack of sufficient knowledge to justify a belief therein to the extent that the entire circumstances surrounding John R. Lillo's resuscitation are not within the purview of Defendants knowledge. However, it is admitted that John R. Lillo, Jr. did die.

20. The allegations contained in Paragraph 32 of plaintiff's Complaint do not require a response from Defendants.

21. The allegations contained in Paragraph 33 of plaintiff's Complaint are denied.

22. The allegations contained in Paragraph 34 of plaintiff's Complaint merely re-allege paragraphs 1 through 33 and are specifically addressed and responded to above by Defendants who adopt and re-assert all of those responses herein.

23. The allegations contained in Paragraphs 35 and 36 of plaintiff's Complaint are denied and objected to as improper in calling for legal conclusions.

24. The allegations contained in Paragraphs 37, 38, 39, 40, 41 and 42 of plaintiff's Complaint are denied.

25. The allegations contained in Paragraph 43 of plaintiff's Complaint merely re-allege paragraphs 1 through 37 and are specifically addressed and responded to above by Defendants who adopt and re-assert all of those responses herein.

26. The allegations contained in Paragraphs 44 through 49 of plaintiff's Complaint are denied.

27. The allegations contained in Paragraph 50 of plaintiff's Complaint merely re-allege paragraphs 1 through 35 and are specifically addressed and responded to above by Defendants who adopt and re-assert all of those responses herein.

28. The allegations contained in Paragraphs 51 of plaintiff's Complaint are denied and objected to as improperly calling for legal conclusions.

29. The allegations contained in Paragraphs 52 through 54 of plaintiff's Complaint are denied.

30. The allegations contained in Paragraph 55 of plaintiff's Complaint merely re-allege paragraphs 1 through 35 and are specifically addressed and responded to above by Defendants who adopt and re-assert all of those responses herein.

31. The allegations contained in Paragraphs 56, 57 and 58 of plaintiff's Complaint are denied. However, Defendants admit that there were defendant officers employed by Ft. Walton Beach police Department who acted in a supervisory capacity during the time period in which several defendants participated in properly detaining John R. Lillo, Jr., transporting him to Bridgeway Crisis Stabilization Unit and reasonably restraining John R. Lillo, Jr. when necessary. At all material times, the detaining, transporting and restraining of John R. Lillo, Jr. was properly supervised and there were no acts, actions, or omissions which caused any injury or deprivation to John R. Lillo, Jr.

32. The allegations contained in Paragraphs 59 through 61 of plaintiff's Complaint are denied.

33. The allegations contained in Paragraph 62 of plaintiff's Complaint merely re-allege paragraphs 1 through 35 and are specifically addressed and responded to above by Defendants who adopt and re-assert all of those responses herein.

34. The allegations contained in Paragraph 63 of plaintiff's Complaint are denied and objected to as improperly calling for legal conclusions.

35. The allegations contained in Paragraphs 64 through 71 of plaintiff's Complaint are denied.

## **AFFIRMATIVE DEFENSES**

1. The Defendants acted, at all times, in good faith and without malice.

2. The Defendants' actions were based upon probable cause and were justifiable.

3. The Defendants have qualified immunity from liability herein under the statutes of the State of Florida and under Federal Law.

4. Plaintiff has failed to state a claim against the Defendants under State Law and/or Federal Law because the Defendants were acting reasonably and within the law as duly appointed Law Enforcement Officers of the City of Fort Walton Beach at all relevant material times.

5. The Defendants used reasonable force when dealing with John R. Lillo, Jr. at all material times.

6. Any negligence attributable to the death of John R. Lillo, Jr., if any, is attributable to the negligence of third parties for which Defendants are neither responsible nor liable.

7.	Plaintiff's Complaint fails to state a claim upon which relief may be granted.

8.	John R. Lillo, Jr. was contributorally negligent so as to either reduce or barr recovery.

9.	John R. Lillo, Jr. assumed the risk of a known danger.

10.	The liability of Defendants is either limited by or exempted under the tort claims act.

11.	Defendants are not liable for damages, including punitive damages.

12.	Defendants complied with the Baker Act at all material times.

13.	John R. Lillo, Jr. voluntarily submitted to being detained and transported to Bridgeway Crisis Stabilization Unit for mental evaluation.

DATED this 12th day of June, 2006.

                          Respectfully submitted,

                          **CLARK PARTINGTON HART**

BY:   s/J. Bruce Bowman
         J. BRUCE BOWMAN
         Fla. Bar No. 0781959
         34990 Emerald Coast Parkway, Suite 301
         Destin, Florida 32541
         (850) 650-3304; (850) 650-3305 - facsimile
         Attorneys for Defendants, Darrell A. Bruhn, Matthew M. Holt, Richard S. Brown, Edmund K. Rossi, Howard Harran, Robert D. Millard, William P. Broxson, Donne G. Yeakos, Candylynn Anderson, Tom Matz, James Martin, Robert Bullard, Christopher Purvis, and Charles George

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was provided to Todd M. LaDouceur, Attorney for Plaintiff at P.O. Box 602, Milton, Florida 32572, and to Larry A. Matthews, Attorney for Defendants Darrell Wellborn, Wally Ebbert and Thearon Shipman, 114 E. Gregory Street, Pensacola, Florida 32502-4970 on this 12th day of June, 2006.

                          s/J. Bruce Bowman
                          J. BRUCE BOWMAN

A0149301