IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STEPHEN LILLO, etc.,**

    **Plaintiff,**

**v.**                                       **Case No.: 3:06cv247/MCR/EMT**

**DARRELL A. BRUHN, et al,**

    **Defendants.**

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, DARREL WELBORN, WALLY EBBERT, AND THEARON SHIPMAN

     Defendants, DARREL WELBORN, WALLY EBBERT, and THEARON SHIPMAN, by and through their undersigned attorney, file their Answer and Affirmative Defenses to the Complaint as follows:

### JURISDICTION & PARTIES

    1.    Admitted for jurisdictional purposes only.

    2.    Without knowledge and therefore denied.

    3.    Without knowledge and therefore denied.

    4.    Without knowledge and therefore denied.

    5.    Admitted that Defendants Welborn, Ebbert, and Shipman were, at the times material to the allegations of the Complaint, medical services providers for

Okaloosa County EMS employed by Okaloosa County, acting within the scope and course of their employment and under color of state law.

6. Without knowledge and therefore denied.

7. Without knowledge and therefore denied.

## ALLEGATIONS

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Without knowledge and therefore denied.

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Admitted that Okaloosa County EMS received a call at approximately 1:06 a.m. on January 22, 2004 to respond to 205 Shell Avenue, and Defendants Ebbert and Shipman responded. Without knowledge as to the other allegations contained in paragraph 24 and therefore denied.

25. Admitted that Defendants Ebbert and Shipman arrived at 205 Shell Avenue at approximately 1:17 a.m. on January 22, 2004. Without knowledge as to the remaining allegations of paragraph 25 and therefore denied.

26. Admitted that Mr. Lillo was restrained at the time Defendants Ebbert and Shipman arrived at 205 Shell Avenue. Without knowledge and therefore denied as to the remaining allegations of paragraph 26.

27. Denied.

28. Admitted that Defendants Ebbert and Shipman contacted Medical Control, which authorized use of an additional sedative to Mr. Lillo to prevent safety risk to Defendants Ebbert and Shipman. Denied as to the remaining allegations of paragraph number 28.

29. Admitted that Defendants Ebbert and Shipman noticed Mr. Lillo to be very cyanotic, purple in color and apnenic, at the time they attempted to administer the sedative authorized by Medical Control. Denied as to the remaining allegations in paragraph number 29.

30. Denied.

31. Admitted that Mr. Lillo died on January 22, 2004. Denied as to the remaining allegations of paragraph number 31.

32. Admitted that Plaintiff has retained Todd M. LaDouceur, P.A. as counsel. Without knowledge and therefore denied as to the remaining allegations of paragraph number 32.

33. Without knowledge and therefore denied.

**COUNT I**
**§ 1983, CRUEL & UNUSUAL PUNISHMENT**

34. Defendants hereby incorporate by reference their answers to paragraphs 1 though 33.

35. Admitted that Defendants Ebbert, Shipman, and Welborn are "persons" under 42 U.S.C.A. § 1983. Without knowledge and therefore denied as to the remaining allegations of paragraph number 35.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

**COUNT II**
**§ 1983, EXCESSIVE FORCE**

43. Defendants hereby incorporate by reference their answers to paragraphs 1 through 37.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. Without knowledge and therefore denied.

47. Without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

**COUNT III**
**§ 1983 FOURTH AMENDMENT VIOLATIONS**

50. Defendants hereby incorporate by reference their answers to paragraphs number 1 through 35.

51. Without knowledge and therefore denied.

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

54. Without knowledge and therefore denied.

54. Without knowledge and therefore denied as to the allegations in the second paragraph number 54.

## COUNT IV
### § 1983, FAILURE TO INTERVENE

55. Defendants hereby incorporate by reference their answers to paragraphs 1 through 35.

56. Without knowledge and therefore denied.

57. Without knowledge and therefore denied.

58. Without knowledge and therefore denied.

59. Without knowledge and therefore denied.

60. Without knowledge and therefore denied.

61. Without knowledge and therefore denied.

## COUNT V
### § 1983, DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL

62. Defendants hereby incorporate by reference their answers to paragraphs 1 through 35.

63. Admitted.

64. Without knowledge and therefore denied.

65. Denied as to Defendants Welborn, Ebbert and Shipman. Without knowledge and therefore denied as to the remaining allegations in paragraph 65.

66. Denied as to Defendants Welborn, Ebbert and Shipman. Without knowledge and therefore denied as to the remaining allegations with respect to the remaining Defendants in paragraph 66.

67. Denied as to Defendants Welborn, Ebbert and Shipman. Without knowledge and therefore denied as to the remaining allegations in paragraph 67.

68. Denied as to Defendants Welborn, Ebbert and Shipman. Without knowledge and therefore denied as to the remaining allegations in paragraph 68.

69. Denied as to Defendants Welborn, Ebbert and Shipman. Without knowledge and therefore denied with respect to the remaining allegations in paragraph 69.

70. Denied as to Defendants Welborn, Ebbert and Shipman. Without knowledge and therefore denied as to the remaining allegations in paragraph number 70.

71. Denied as to Defendants Welborn, Ebbert and Shipman. Without knowledge and therefore denied as to the remaining allegations in paragraph number 71.

## **AFFIRMATIVE DEFENSES**

1. The Plaintiffs' claims against Defendants Welborn, Shipman, and Ebbert are barred under the so-called doctrine of sovereign immunity.

2. Plaintiff was injured due to the actions of parties other than Defendants Welborn, Shipman, or Ebbert; or such other persons not in this action, which such actions were the sole cause or contributing cause of the injuries and harm alleged by Plaintiff.

3. Plaintiff's alleged injuries were pre-existing conditions which were not caused by any action by Defendants Welborn, Shipman, or Ebbert, and the incident or such aggravation of the pre-existing conditions were minor and not the legal cause of the damages complained of by Plaintiffs in this action

## Demand for Jury Trial

Defendants demand trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Todd M. LaDouceur, Esq., Johnson, Green, Miller & LaDouceur, P.O. Box 605, Milton, FL 32572; Bruce Bowman, Esq., Clark, Partington, Hart, Larry, Bond & Stackhouse, P. A., 34990 Emerald Coast Parkway, Suite 300, Destin, FL 32541, by the court's electronic filing system, this 13th day of June, 2006.

/s/ Larry A. Matthews
Larry A. Matthews
Florida Bar No.: 339601
Jason B. Onacki
Florida Bar No.: 0698016
BOZEMAN, JENKINS & MATTHEWS, P.A.
114 East Gregory Street (32502)
Post Office Box 13105
Pensacola, Florida 32591-3105
850/434-6223
Attorneys for Defendants Darrel Welborn, Wally Ebbert, and Thearon Shipman