**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**STEPHEN LILLO, as Personal Representative of
THE ESTATE OF JOHN R. LILLO, JR.,**

      **Plaintiff,**

**v.**                                        **CASE NO. 3:06cv247/MCR/EMT**

**DARRELL A. BRUHN, et al.,**

      **Defendants.**
_____/

## O R D E R

In its September 9, 2009 order, the court granted the summary judgment motions of several police officer defendants on grounds of qualified immunity. (Doc. 212). Based on the court's findings of fact and conclusions of law, it appeared to the court that firefighter defendants Robert Bullard and Charles George were also entitled to qualified immunity. Because Bullard and George failed to timely file motions for summary judgment, the court raised the issue of their qualified immunity *sua sponte* and gave plaintiff an opportunity to respond to show a genuine issue of material fact for trial.

Plaintiff has responded; however, his response does little more than restate his statement of material facts. (Docs. 195, 213). Plaintiff makes much of the fact that *both* Bullard *and* George restrained Lillo's head. This may be true; however, whether Bullard, George or both restrained Lillo's head, the court's analysis remains unchanged. Bullard's testimony that he and George restrained Lillo's head to prevent Lillo from injuring himself by thrashing around remains uncontradicted, and is supported by Bridgeway CSU records

and the testimony of Fort Walton Beach Police Department officers and Okaloosa County EMS medical professionals.[1]

Accordingly, the court adopts and incorporates by reference the findings of facts and conclusions of law set forth in its order of September 9, 2009 and, so doing, concludes that Robert George and Charles George are entitled to qualified immunity on plaintiff's claims against them.[2]

**DONE and ORDERED** this 28th day of September, 2009.

                    *s/ M. Casey Rodgers*
                    **M. CASEY RODGERS**
                    **UNITED STATES DISTRICT JUDGE**

---

[1] The court can not ignore uncontradicted evidence simply because it is unfavorable to the nonmoving party. *See Fennell v. Gilstrap*, 559 F.3d 1212, 1215 n.3 (11th Cir. 2009).

[2] Plaintiff named Bullard and George in his cruel and unusual punishment, excessive force and deliberate indifference claims.

Case No: 3:06cv247/MCR/EMT